**Juan Raul NUILA–CHAVEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73681.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 23, 2010.[*]

Filed Aug. 31, 2010.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Julie M. Iversen, Trial, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Joanne E. Johnson, Esquire, for Respondent.

Before: LEAVY, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Juan Raul Nuila–Chavez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review de novo questions of law and constitutional claims, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

Nuila–Chavez does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1991 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The agency determined that Nuila–Chavez is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Nuila–Chavez's retroactivity and equal protection challenges to this determination are unavailing. *See Abebe v. Mukasey,* 554 F.3d 1203, 1207 & 1208 n. 7 (9th Cir.2009) (en banc); *see also Aragon–Ayon v. INS,* 206 F.3d 847, 853 (9th Cir.2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.